UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID BELL,

      *Plaintiff*,

v.

DEPARTMENT OF VETERANS AFFAIRS,

      *Defendant*.

Civil Action No. 23-2477 (LLA)

**MEMORANDUM OPINION**

David Bell filed this suit against the United States Department of Veterans Affairs ("VA"), alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, in connection with his employment at a VA hospital located in Richmond, Virginia. The VA moves to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) and for failure to state a claim under Rule 12(b)(6). ECF No. 19-1. In the alternative, the VA seeks to have this case transferred to the Eastern District of Virginia. *Id.* at 5. For the reasons explained below, the court will grant the VA's motion in part and transfer the case to the Eastern District of Virginia under 28 U.S.C. § 1406(a).

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The court takes the allegations in Mr. Bell's complaint as true for the purposes of deciding the pending motion. *Louis v. Hagel*, 177 F. Supp. 3d 401, 403 (D.D.C. 2016). Mr. Bell is an African American man and "a qualified person with a disability." ECF No. 15 ¶ 9. He resides in Fredericksburg, Virginia, and worked as a Computer Assistant at the Hunter Holmes McGuire VA

Hospital in Richmond, Virginia during the time of the events giving rise to his complaint. *Id.* ¶¶ 1, 11.[1]

In 2018, Mr. Bell filed a complaint with the VA's equal employment opportunity ("EEO") office, which led to an investigation. *Id.* ¶ 10. In September 2021, Mr. Bell applied, but was not selected, for a position as an IT Specialist at the hospital. *Id.* ¶ 12. While Mr. Bell had "a degree, 10-point Veteran preference, work [experience with] Dell and HP, and . . . [familiarity] with the location of the position," the VA hired a Caucasian individual with fewer qualifications for the role. *Id.* ¶ 16. The "former Area Manager" who "was responsible for [Mr. Bell's] not being selected for the position" stated that the organization "'need[ed] to hire fewer employees of the Plaintiff's race' . . . allegedly 'because a whistleblower complaint was filed which named [the former Area Manager].'" *Id.* ¶¶ 14-15 (final alteration in original). Mr. Bell additionally contends that he was not selected for the position because "Defendant did not want to provide [the] accommodations" that would be necessary for him to perform the job. *Id.* ¶ 22.

At an unspecified time, the Area Manager began assigning Mr. Bell "an unnecessary amount of undesirable and difficult tasks." *Id.* ¶ 19. These included tasks like "termination duties," which were outside his usual job duties and "normally would require multiple people." *Id.* ¶¶ 17-18. "Specifically, between March 14 and March 18" of an unspecified year, Mr. Bell "was assigned an unreasonable number of terminations." *Id.* ¶ 20.

In December 2021, Mr. Bell filed an EEO complaint against officials with the VA's Office of Information and Technology, which is located in Washington, D.C., *id.* ¶ 5, alleging that he "was not selected for [the IT Specialist] position . . . because of his race, color, disability[,] and

---

[1] The Hospital has since been renamed the "Richmond VA Medical Center." *Hunter Holmes McGuire VA Medical Center renamed*, 12 On Your Side (Jan. 19, 2023), https://perma.cc/YVH4-3TJP.

2

prior engagement with protected activity," ECF No. 21, at 8.  The VA issued its final decision in May 2023, ECF No. 15 ¶ 6, and Mr. Bell filed suit ninety days later, ECF No. 1, *see* 29 C.F.R. § 1614.407(a) (providing that an employee may file suit within ninety days of the final agency action).

The VA moved to dismiss Mr. Bell's complaint or have the case transferred to the Eastern District of Virginia.  ECF No. 11.  In response, Mr. Bell amended his complaint.  ECF No. 15.  The VA then renewed its motion to dismiss or transfer.  ECF No. 19.  The matter has been fully briefed.  ECF Nos. 19, 21, 23.

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), the court may dismiss a case for improper venue.  "'To prevail on a motion to dismiss for improper venue, . . . the defendant must present facts that will defeat the plaintiff's assertion of venue,'" but "[t]he burden . . . remains on the plaintiff to prove that venue is proper when an objection is raised, 'since it is the plaintiff's obligation to institute the action in a permissible forum.'"  *Roland v. Branch Banking & Tr. Corp.*, 149 F. Supp. 3d 61, 67 (D.D.C. 2015) (first quoting *Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 129 (D.D.C. 2013); then quoting *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014)).  In considering a motion to dismiss for lack of venue, the court may consider materials outside of the pleadings without converting the motion into a motion for summary judgment under Rule 56.  *Winston & Strawn LLP v. L. Firm of John Arthur Eaves*, 47 F. Supp. 3d 68, 71-72 (D.D.C. 2014).

Section 1406(a) also authorizes the court to transfer a case from an improper venue to an appropriate venue "if it be in the interest of justice."  "[I]n order to transfer an action under Section 1406, the transferor court must find that (1) the transferor court is a 'wrong' venue, (2) the

case 'could have been brought' in the transferee court, and (3) transfer to the transferee court would be 'in the interest of justice.'" *Freedman v. Suntrust Banks, Inc.*, 139 F. Supp. 3d 271, 283 (D.D.C. 2015). "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

### III.  DISCUSSION

Venue in cases brought under Title VII and the Rehabilitation Act is governed by 42 U.S.C § 2000e-5. *See Slaby v. Holder*, 901 F. Supp. 2d 129, 132 (D.D.C. 2012). Under that statute, the plaintiff may bring his action (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed"; (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered"; or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Additionally, if the defendant cannot be found in any of the above districts, the statute allows the action to be brought in "the judicial district in which the respondent has his principal office." *Id.*

The VA argues that venue is not proper in the District of Columbia under Section 2000e-5(f)(3) because "Plaintiff's allegations in support of his Title VII and Rehabilitation Act claims, including the non-selection for the IT specialist position and the increased work assignments, all occurred at his place of employment: . . . in Richmond, Virginia," ECF No. 19-1, at 6-7, and because "the relevant records are maintained in Richmond," *id.* at 7. Mr. Bell does not dispute the VA's argument about the first three prongs of § 2000e-5(f)(3), ECF No. 21, at 10-11, and he has thus forfeited the argument that venue is proper in this district under Section 2000e-5(f)(3), *see Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp.

2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004).

The arguments Mr. Bell does make are insufficient to otherwise establish venue in this district. First, he contends that venue in this district is proper because the VA's "principal place of business" is in this district. ECF No. 21, at 10. Under Section 2000e-5(f)(3)'s "residual prong," venue is proper in a defendant's principal place of business only if the defendant cannot be found in any other district where venue is appropriate under the first three prongs of Section 2000e-5(f)(3). *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 63 (D.D.C. 2011) ("The Court may only consider venue in the location of the defendant's principal office 'if the respondent is not found within [a district in the first three categories].'" (alteration in original) (quoting 42 U.S.C. § 2000e-5(f)(3)). That is not the case here, where the first three prongs of the Section 2000e-5(f)(3) analysis indicate that venue is proper in the Eastern District of Virginia.

Second, Mr. Bell argues that any records that are maintained in Richmond could be obtained electronically by the parties in this district. ECF No. 21, at 10-11. "[C]ourts in this district have held that the mere electronic accessibility of the 'master set' of records from other districts does not provide an adequate basis for venue." *Taylor v. Shinseki*, 13 F. Supp. 3d 81, 87 (D.D.C. 2014). The VA contends—and Mr. Bell does not dispute, ECF No. 21, at 10-11—that the "master set" of records is located in Richmond, ECF No. 19-1, at 7; thus, venue under Section 2000e-5(f)(3)'s second prong is proper in the Eastern District of Virginia, and the fact that the records could be electronically accessed in this district is insufficient to lay venue here.

Third, Mr. Bell asserts that venue is proper in this district because he filed his second EEO complaint in Washington, D.C. ECF No. 21, at 11. "[C]ourts in this district have 'rejected the argument that the location where plaintiff's EEO complaints were initiated and processed provides a basis for venue under prong [two] of § 2000e-5(f)(3).'" *Braun v. U.S. Dep't of the Interior*, 288 F. Supp. 3d 293, 299 (D.D.C. 2018) (second alteration in original) (quoting *Herbert v. Sebelius*, 925 F. Supp. 2d 13, 21 (D.D.C. 2013)), *aff'd sub nom. In re Braun*, No. 18-5120, 2018 WL 11300459 (D.C. Cir. Dec. 28, 2018).

Finally, Mr. Bell argues that he would be prejudiced by a transfer to the Eastern District of Virginia because he "may need to obtain new or local counsel and pay additional fees related to having to transfer to a Court in the neighboring state." ECF No. 21, at 11. But Mr. Bell's preference cannot create venue where it is otherwise improper. Accordingly, the court concludes that this district is not a proper venue for Mr. Bell's claims.

Having determined that this district is the "'wrong' venue," *Freedman*, 139 F. Supp. 3d at 283, the court concludes that the case should be transferred to the Eastern District of Virginia. As the VA explains, this case could have been brought in the Eastern District of Virginia. ECF No. 19-1, at 5-8. And a transfer, rather than dismissal, would be in the interest of justice because it "would save the parties the time and expense associated with refiling" the matter in the appropriate venue. *Freedman*, 139 F. Supp. 3d at 284.[2]

---

[2] While the court concludes that dismissal under Rule 12(b)(3) is not warranted, it takes no position on the VA's arguments for dismissal under Rule 12(b)(6). The court will direct the VA to respond to the complaint no later than twenty-one (21) days after the case is docketed in the Eastern District of Virginia.

## IV. CONCLUSION

For the foregoing reasons, the court will transfer the case to the Eastern District of Virginia but otherwise deny the VA's motion to dismiss. Additionally, the court will direct the VA to respond to the complaint no later than twenty-one (21) days after the case is docketed in the Eastern District of Virginia. An Order consistent with this Memorandum Opinion will issue contemporaneously.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: October 25, 2024